Filed 10/23/24  Doe v. Roe School District CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| JOHN DOE,<br><br>       Plaintiff and Appellant,<br><br>v.<br><br>ROE SCHOOL DISTRICT,<br><br>       Defendant and Respondent. | B335004<br><br>(Los Angeles County<br>Super. Ct. No. 22PSCV01999) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christian R. Gullon, Judge.  Affirmed.

Arias Sanginetti Wang & Team, Mike Arias, Sahar Malek and Matthew J. Kita for Plaintiff and Appellant.

Fagen Friedman & Fulfrost, Shiva E. Stein and Montana L. Massone for Defendant and Respondent.

Appellant John Doe (appellant) alleges Fred Contreras, his now deceased former English teacher, sexually harassed, assaulted and abused him in 1978 when appellant was 14 years old.  In 2022, appellant sued respondent Roe School District (district) and Roes 1-100 for negligence and negligent supervision, training, hiring, and retention, among other things, pursuant to the California Child Victims Act (Code Civ. Proc., § 340.1, subd. (a).)[1]

The district demurred to appellant's complaint, asserting appellant's causes of action for negligence and negligent supervision were so uncertain and ambiguous that the district could not reasonably respond.  The district argued appellant's essential allegations of material fact were conclusory, pointing out pleading standards are higher for government entities, requiring every material fact be pleaded with particularity. (Citing *Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795 (*Lopez*).)

The trial court sustained the district's demurrer, but granted appellant leave to amend.  In response to appellant's amended complaint, the district filed a motion to strike and a demurrer.  Following briefing and oral argument, the trial court sustained the demurrer and dismissed the amended complaint without leave to amend.

Appellant appeals from the judgment of dismissal, arguing the trial court misapplied *C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861 (*C.A.*).  The sole issue in this

---

[1] Appellant also brought causes of action for sexual battery, assault, violation of civil rights, and intentional infliction of emotional distress.  Only the negligence causes of action are at issue in this appeal.

appeal is whether appellant sufficiently alleged the district knew, or should have known, of Contreras's abuse.  Because our review of the complaint reveals the allegations are insufficient to allege a cause of action for negligence against the district, we affirm the judgment.

## BACKGROUND

Appellant is a male, born in 1964, and was approximately 14 years old when he was sexually harassed, assaulted and abused by his English teacher, Fred Contreras, an employee or agent of the district.  As a result of the sexual harassment and abuse by Contreras, appellant suffered extensive physical, psychological and emotional damages.

## PROCEDURAL HISTORY

Appellant initiated this action on November 22, 2022, by filing a complaint against the district.  On December 30, 2022, appellant filed a first amended complaint (FAC), alleging seven causes of action against the district, including negligence and negligent supervision, training, hiring, and retention.

On May 30, 2023, the district filed a demurrer and motion to strike appellant's FAC.  The trial court sustained the demurrer to the negligence causes of action due in part to the requirement that claims against the district be pled with particularity.  The trial court granted appellant leave to amend.

On July 31, 2023, appellant filed his second amended complaint (SAC), asserting two causes of action against the district: negligence and negligent supervision, training, hiring, and retention.  Appellant generally alleged, on information and belief, the district knew or should have known Contreras engaged in unlawful sexually related conduct with minors in the past.  He

also alleged "[a]fter numerous instances of abuse, [appellant] summoned the courage to report [Contreras] to employees of [the district], including the principal of the school at the time. The complaints fell on deaf ears and [appellant] was subjected to remaining in school and accessible to [Contreras] thereafter." On August 30, 2023, the district filed a demurrer and motion to strike. In the motion to strike, the district argued the allegations of negligence in the first and second causes of action continued to be vague, ambiguous, unintelligible, and failed to state sufficient facts in support of the claims. The district maintained appellant continued to fail to meet the pleading standards against public entity defendants.

After consideration of the parties' briefs and oral argument, the trial court sustained the district's demurrer without leave to amend, and determined its motion to strike was moot.

Appellant filed a motion for new trial on November 6, 2023. Appellant alleged the court erred in dismissing the entire action because he had stated facts sufficient to constitute claims for negligence and negligent supervision. He also argued he should have been granted leave to amend.

The court denied appellant's motion, noting the allegations must plead specific facts supporting the public entity's liability. The court found appellant failed to plead specific facts concerning the required element that the district knew, or should have known, of Contreras's propensity to commit sexual assault prior to the time he assaulted appellant.

The court referenced an exchange with appellant's counsel at the hearing, where the court inquired as to whether "sexual abuse occurred after it was brought to the attention of whomever at the school." Appellant's counsel could not provide a definitive answer, stating, "he has gone back and forth on whether or not it

4

happened afterwards. [W]e're not positive yet." (Boldface omitted.) Based on this exchange, the court stated, "[Appellant's] facts were unclear and remain unclear, perhaps even unknown. The possibility that *someday* (notably after one year of filing of the complaint) the facts to allege a [cause of action] *may* be learned is insufficient to meet a party's request for leave to amend." (Fn. omitted.) The court concluded it had not erred in requiring appellant to plead specific facts regarding whether the district knew of Contreras's unlawful sexual conduct prior to his sexual assault of appellant, and rightfully denied leave to amend. The court concluded, "[appellant] has not pled facts to support the [causes of action]/continuously is changing facts/does not know of the facts."

## DISCUSSION

### I. Applicable law and standard of review

A demurrer tests the sufficiency of a complaint. In reviewing the trial court's decision to sustain a demurrer, "'[w]e treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.'" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We review the complaint de novo to determine whether it states facts sufficient to constitute a cause of action. (*Ibid.*) When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Ibid.*) The burden of proving a reasonable possibility of amendment "is squarely on the plaintiff." (*Ibid.*)

5

Pleading requirements against a public entity, such as the district, are more stringent than pleading requirements against a private entity. "[B]ecause under the Tort Claims Act all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable. Thus, 'to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity.'" (*Lopez, supra*, 40 Cal.3d at p. 795.)

A school district may be vicariously liable under Government Code section 815.2 "for the negligence of administrators or supervisors in hiring, supervising and retaining a school employee who sexually harasses and abuses a student." (*C.A., supra*, 53 Cal.4th at p. 879.) The district may be subject to such liability if the district "is proven to have breached that duty by negligently exposing [a] plaintiff to a foreseeable danger of molestation." (*C.A., supra*, at p. 865.) Because the district's liability is premised on the foreseeability of the abuse, appellant must include allegations that his harassment or abuse came from "foreseeable sources, including any teachers [the district] [knew] or [had reason to know were] prone to such abuse." (*Id.* at p. 871.) Such allegations must be pleaded with particularity. (*Lopez, supra*, 40 Cal.3d at p. 795.)

## II.    Analysis of appellant's allegations

In order to establish the district's vicarious liability for its supervisory employees' negligent hiring, supervision or retention of Contreras, appellant was required to allege a breach of school personnel's "protective duty of ordinary care" "by negligently exposing plaintiff to a foreseeable danger of molestation . . . , resulting in his injuries." (*C.A., supra*, 53 Cal.4th at pp. 865-866.)

As set forth in *C.A.*, school employees have a "'duty to "supervise at all times the conduct of the children on the school grounds and to enforce those rules and regulations necessary to their protection."'" (*C.A., supra*, 53 Cal.4th at p. 869.) "'Either a total lack of supervision . . . or ineffective supervision . . . may constitute a lack of ordinary care on the part of those responsible for student supervision. Under section 815.2, subdivision (a) of the Government Code, a school district is vicariously liable for injuries proximately caused by such negligence.'" (*Ibid.*) "In addition, a school district and its employees have a special relationship with the district's pupils, . . . arising from the mandatory character of school attendance and the comprehensive control over students exercised by school personnel . . . ." (*Ibid.*) "Because of this special relationship, . . . the duty of care owed by school personnel includes the duty to use reasonable measures to protect students from foreseeable injury at the hands of third parties acting negligently or intentionally." (*Id.* at p. 870.) Based on these principles, the district had a duty to take reasonable steps to protect appellant from foreseeable harm. Thus, the question of the district's duty to protect appellant in this matter is not at issue.

The inadequacy in appellant's complaint is the failure to sufficiently allege foreseeability. Appellant's SAC contains numerous vague and conclusory allegations, on information and belief, the district "knew or should have known that CONTRERAS had engaged in unlawful sexually-related conduct with minors in the past, including students at [the district], and/or was continuing to engage in such conduct with students at [the district], including [appellant]." Appellant's general allegations the district "knew or should have known" that Contreras "had sexually abused or caused harm, and other

7

injuries to minors, including [appellant]" do not provide sufficient particularity for the district to understand the facts upon which its liability is based. The essential element of foreseeability must be pleaded with particularity, and appellant has failed to allege particular facts that form the basis for the district's prior knowledge of Contreras's alleged propensities.

Appellant alleged he informed the district's employees, including the principal of his school, of the alleged abuse. Specifically, he alleged "After numerous instances of abuse, [appellant] summoned the courage to report CONTRERAS to employees of [the district], including the principal of the school at the time. The complaints fell on deaf ears and [appellant] was subjected to remaining in school and accessible to CONTRERAS thereafter." These allegations do not specify whether abuse continued after appellant notified the district. The allegation appellant had to remain in school and continued to be "accessible" to Contreras do not establish the required prior knowledge element of this type of negligence. Appellant did not allege the abuse continued after he informed school officials.[2]

---

[2] In his reply letter, appellant combines allegations from various paragraphs to make it appear he alleged the foreseeability element. Appellant asserts: "Appellant's Second Amended Complaint specifically alleged that *he personally complained to the principal at [the district's] school about the perpetrator's inappropriate conduct,* that 'the complaints fell on deaf ears,' and that the perpetrator 'continued to engage in such conduct with students at [the district]—including [appellant].'" These allegations are from different paragraphs. Appellant did not specifically allege Contreras continued to engage in the inappropriate conduct after the principal was informed. In earlier paragraphs, appellant made general allegations, on

8

Appellant asserts he pleaded allegations consistent with the allegations at issue in *C.A.*[3] Appellant states he pleaded "identical causes of action and alleged identical facts to those alleged by the plaintiff in *C.A.*" Appellant argues the trial court interpreted *C.A.* in a manner that directly contradicts the Supreme Court's holding in that case.

We disagree. C.A. sued the William S. Hart Union High School District (HUHSD) through a guardian ad litem. The alleged abuse took place in 2007, when C.A. was 14 to 15 years old. C.A.'s claims against HUHSD included the assertion that HUHSD failed to properly train, hire, and supervise the alleged assailant. (*C.A., supra*, 53 Cal.4th at p. 867.)[4] In addition to general allegations, on information and belief, that HUHSD "'knew or should have known and/or were put on notice'" of the perpetrator's past sexual abuse of minors (*C.A., supra*, at p. 866), C.A. specifically alleged he based his belief on "'personnel and/or school records of Defendants [that] reflect numerous incidents of inappropriate sexual contact and conduct with minors by

_____

information and belief, that the district "knew or should have known that CONTRERAS had engaged in unlawful sexually-related conduct with minors in the past, including students at [the district], and/or was continuing to engage in such conduct with students at [the district], including [appellant]." Appellant's merger of these allegations in his reply letter is misleading and inappropriate.

[3] We denied appellant's request for judicial notice of the complaint in the *C.A.* case.

[4] At the pleading stage, C.A. was not required to identify, by name or position, HUHSD's "'employees, administrators and/or agents' who allegedly failed to 'properly hire, train and supervise [the perpetrator].'" (*C.A., supra*, 53 Cal.4th at p. 872.)

9

teachers, staff, coaches, counselors, advisors, mentors and others, including incidents involving [the perpetrator], both on and off the premises of Defendants.'" (*Id.* at pp. 866–867.) Thus, in contrast to the matter before us, C.A. alleged with particularity the basis for the school district's knowledge of the perpetrator's propensity to engage in inappropriate sexual conduct. Appellant, in contrast, alleges no basis for the school district's knowledge, and provides only vague and conclusory allegations regarding the district's knowledge. As the *C.A.* court emphasized, the district's liability "must be based on *evidence* of negligent hiring, supervision or retention, not on assumptions or speculation." (*Id.* at p. 878.)[5] Appellant has failed to allege anything more than assumptions and speculation regarding the district's knowledge.

Appellant takes issue with the trial court's footnote in its written decision explaining its denial of appellant's motion for new trial. There the trial court clarified that while the cause of action for negligent hiring and supervision was properly based on the district's vicarious liability, appellant had "incorrectly repeatedly stated that it has pled duties by pleading [Government Code] Sections 815.2 and 820 because those statutes do not provide duties." We need not address this issue,

---

[5]     Appellant points out that this quote was taken from a discussion regarding liability, to assuage HUHSD's concern that allowing the plaintiff's case to move forward would eventually lead to, among other things, "the diversion of needed funds from the classroom to cover claims." (*C.A., supra*, 53 Cal.4th at p. 878.) However, as explained above, appellant was required to plead the elements of its negligence cause of action against the district with particularity, requiring appellant to provide more than just vague and conclusory allegations regarding the foreseeability element.

as the duty element is not at issue in this lawsuit—only the element of foreseeability.  Because appellant did not adequately plead the foreseeability of Contreras's actions, we affirm the trial court's decision to sustain the district's demurrer to the SAC.

## III.   Leave to amend

Appellant presents no arguments in his opening brief regarding the trial court's denial of leave to amend.  In his reply letter, appellant makes the following conclusory argument: "Because the California Supreme Court has recently reaffirmed that a trial court abuses its discretion if it denies leave to amend when 'there is a reasonable possibility that the defect can be cured by amendment,' and because the trial court only afforded [appellant] one previous opportunity to amend his complaint, the same result should follow here."  (Fns. omitted.)

The burden of proving a reasonable possibility of amendment "is squarely on the plaintiff."  (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.)  As appellant has failed to meet this burden, we affirm the trial court's denial of leave to amend.

## DISPOSITION

The judgment is affirmed.  Respondent is awarded its costs of appeal.

_____
CHAVEZ, J.

We concur:

_____     _____
ASHMANN-GERST, Acting P. J.     HOFFSTADT, J.

11